ORIGINAL
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 11 2009

JAMES N. HATTEN, Clerk
By: /s/
       Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARRIS GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> BRITISH TELECOMMUNICATIONS PLC, <br><br> Defendant. | Case No.: <br><br> **1:09-CV-0671** <br><br> **JURY TRIAL DEMANDED**   |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff ARRIS Group, Inc. ("ARRIS"), through their undersigned counsel, files this Complaint for Declaratory Judgment against defendant British Telecommunications plc ("BT") seeking declaratory relief with respect to U.S. Patent Nos. 5,142,532 (the "'532 patent"), 5,526,350 (the "'350 patent"), 6,538,989 (the "'989 patent") and 6,665,264 (the "'264 patent") (collectively, the "patents-in-suit" and attached as Exhibits A, B, C and D hereto) and hereby alleges as follows:

### PARTIES

1. ARRIS is a Delaware corporation with its principal place of business at 3871 Lakefield Drive, Suwanee, Georgia 30024.

2. On information and belief, BT is organized under the laws of England and Wales with principal executive offices at BT Centre, 81 Newgate Street, London, EC1A 7AJ, England.

## JURISDICTION AND VENUE

3. This is an action for declaratory relief regarding the patents-in-suit.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves claims arising under the United States Patent Act, 35 U.S.C. § 1 et seq.

5. This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy within the Court's jurisdiction.

6. This Court has personal jurisdiction over BT because BT has purposefully directed its activities at residents of Georgia and this District, has had continuous and systematic contacts with the residents of Georgia and this District, the claims asserted arise out of and/or are related to BT's activities within Georgia and this District and, under the circumstances, the assertion of personal jurisdiction over BT comports with traditional notions of fair play and substantial justice. BT regularly conducts substantial business in Georgia and this District and has voluntarily availed itself of the laws and regulations of Georgia and this District.

BT, through its agent IPValue Management, Inc. ("IPValue"), has regularly corresponded and personally met with ARRIS in this District with respect to the subject matter of this suit.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### THE PRESENCE OF AN ACTUAL CONTROVERSY

8. ARRIS offers to sell and sells PacketCable certified and DOCSIS compliant Embedded Multimedia Terminal Adapters ("E-MTAs"), such as ARRIS Touchstone Telephony Modem TM402A and TM402P models, and Cable Modem Termination Systems ("CMTSs"), such as the ARRIS Cadant® C4 Cable Modem Termination System, (collectively the "ARRIS Products") to customers, including Cable One, Inc. ("Cable One").

9. Upon information and belief, in or about August 2007, BT, through its agent IPValue, approached Cable One contending that Cable One was in need of a license to the patents-in-suit. BT asserted that Cable One's high speed data and VoIP services using one or more ARRIS Products infringed the patents-in-suit. BT, through IPValue, provided Cable One with a 118 page presentation purporting to demonstrate BT's infringement contentions against Cable One and the ARRIS products (the "BT Presentation"). The BT Presentation was referred to, inter alia, as an "assertion" against Cable One, including referring to "these patents being

asserted against Cable One." The BT Presentation identifies certain ARRIS Products as allegedly being used to carry out the asserted claims in connection with BT's infringement contentions.

10. As a result of the BT Presentation, in or about November 2007, Cable One contacted ARRIS seeking defense and indemnification by ARRIS against BT's infringement allegations.

11. Subsequent to November 2007, BT, through its agent IPValue, on the one hand, and Cable One and ARRIS on the other, commenced a series of negotiations concerning a potential license to the patents-in-suit. Such negotiations included telephone conferences and in-person meetings which took place at ARRIS' principal place of business in Suwanee, Georgia.

12. Upon information and belief, in or about December 2008, BT, through its agent IPValue, provided a so-called "Licensing Proposal" to Cable One (the "Licensing Proposal"). The Licensing Proposal stated that its content was provided "to promote early and amicable settlement of the matter." The Licensing Proposal also set forth that the "licensing discussions" should go forward "on an accelerated timetable."

13. BT is demanding payment of a substantial and unjustified fee for the alleged use of the patents-in-suit by Cable One and ARRIS.

14. ARRIS believes that the ARRIS Products and the use thereof by Cable One do not infringe any valid claim of the patents-in-suit and that ARRIS and its customers including Cable One should be free to make, use, sell and/or offer to sell the ARRIS Products accused by BT.

15. ARRIS made its positions as to ARRIS' non-infringement and the invalidity of the patents-in-suit known to BT, through BT's agent IPValue, and ARRIS' positions were rejected by BT.

16. Upon information and belief, BT, through its agent IPValue, has approached other companies similar to Cable One concerning infringement of the patents-in-suit including through use of the ARRIS Products.

17. Upon information and belief, BT has and continues to file patent infringement lawsuits in Federal Courts within the United States to enforce BT's alleged patent rights.

18. Based on the foregoing, there is a substantial actual and justiciable controversy between ARRIS and BT as to infringement and validity of the patents-in-suit which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I: DECLARATION CONCERNING THE '532 PATENT

19. ARRIS restates and incorporates by reference each allegation of

paragraphs 1 to 18 above.

20. BT claims to be the owner of all legal rights, title and interest in the '532 patent, including the right to enforce the '532 patent.

21. BT has asserted that the ARRIS accused products infringe the '532 patent.

22. ARRIS has not and does not infringe any valid claim of the '532 patent, directly or indirectly, literally or under the doctrine of equivalents.

23. The '532 patent is invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §1, et seq., including §§101, 102, 103 and/or 112.

24. An actual and justiciable controversy exists between ARRIS and BT regarding the infringement and validity of the '532 patent.

25. A judicial declaration of non-infringement and invalidity of the '532 patent is necessary and appropriate in order to resolve this controversy.

**COUNT II: DECLARATION CONCERNING THE '350 PATENT**

26. ARRIS restates and incorporates by reference each allegation of paragraphs 1 to 18 above.

27. BT claims to be the owner of all legal rights, title and interest in the '350 patent, including the right to enforce the '350 patent.

28. BT has asserted that the ARRIS accused products infringe the '350 patent.

29. ARRIS has not and does not infringe any valid claim of the '350 patent, directly or indirectly, literally or under the doctrine of equivalents.

30. The '350 patent is invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §1, et seq., including §§101, 102, 103 and/or 112.

31. An actual and justiciable controversy exists between ARRIS and BT regarding the infringement and validity of the '350 patent.

32. A judicial declaration of non-infringement and invalidity of the '350 patent is necessary and appropriate in order to resolve this controversy.

## COUNT III: DECLARATION CONCERNING THE '989 PATENT

33. ARRIS restates and incorporates by reference each allegation of paragraphs 1 to 18 above.

34. BT claims to be the owner of all legal rights, title and interest in the '989 patent, including the right to enforce the '989 patent.

35. BT has asserted that the ARRIS accused products infringe the '989 patent.

36. ARRIS has not and does not infringe any valid claim of the '989

patent, directly or indirectly, literally or under the doctrine of equivalents.

37. The '989 patent is invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §1, et seq., including §§101, 102, 103 and/or 112.

38. An actual and justiciable controversy exists between ARRIS and BT regarding the infringement and validity of the '989 patent.

39. A judicial declaration of non-infringement and invalidity of the '989 patent is necessary and appropriate in order to resolve this controversy.

## COUNT IV: DECLARATION CONCERNING THE '264 PATENT

40. ARRIS restates and incorporates by reference each allegation of paragraphs 1 to 18 above.

41. BT claims to be the owner of all legal rights, title and interest in the '264 patent, including the right to enforce the '264 patent.

42. BT has asserted that the ARRIS accused products infringe the '264 patent.

43. ARRIS has not and does not infringe any valid claim of the '264 patent, directly or indirectly, literally or under the doctrine of equivalents.

44. The '264 patent is invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35

U.S.C. §1, et seq., including §§101, 102, 103 and/or 112.

45. An actual and justiciable controversy exists between ARRIS and BT regarding the infringement and validity of the '264 patent.

46. A judicial declaration of non-infringement and invalidity of the '264 patent is necessary and appropriate in order to resolve this controversy.

## **PRAYER FOR RELIEF**

WHEREFORE, ARRIS requests the Court enter judgment in ARRIS' favor and grant the following relief:

- a. A declaration that ARRIS has not infringed and does not infringe any claim of the patents-in-suit;
- b. An injunction against BT and its affiliates, subsidiaries, assigns, employees, agents or anyone acting on its behalf from charging infringement or instituting any action for infringement of the patents-in-suit against ARRIS and anyone in ARRIS' supply and distribution chains as to ARRIS' products;
- c. A declaration that the patents-in-suit are invalid;
- d. A finding that this is an exceptional case and an award to ARRIS of its attorneys' fees pursuant to 35 U.S.C. §285; and

      e.      An award of such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 11th day of March, 2009

TROUTMAN SANDERS LLP

_____
Jeffrey C. Morgan
Georgia Bar No. 522667
5200 Bank of America Plaza
600 Peachtree St., N.E.
Atlanta, Georgia 30308
Tel: (404) 885-3661
Fax : (404) 962-6530
jeffrey.morgan@troutmansanders.com

Armando Rois-Méndez
Georgia Bar No. 613530
ARRIS Group, Inc.
3871 Lakefield Drive.
Suite 100
Suwanee, GA 30024
Tel.: (678) 473-8107
Armando.Rois-Mendez@arrisi.com

Seth H. Ostrow (*Pro Hac to be filed*)
Arianna Frankl (*Pro Hac to be filed*)
Matthew Kaufman (*Pro Hac to be filed*)
Ostrow Kaufman & Frankl LLP
The Chrysler Building
405 Lexington Ave.
New York, NY 10174
Tel.: (212) 682-9200
sostrow@okfllp.com
afrankl@okfllp.com
mkaufman@okfllp.com

Attorneys for Plaintiff
ARRIS Group, Inc.

## **FONT CERTIFICATION**

I hereby certify that this document is presented in Times New Roman 14.

_____
Jeffrey C. Morgan
Georgia Bar No. 522667