UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ARRIS GROUP, INC.,

      Plaintiff,

      v.

BRITISH TELECOMMUNICATIONS
PLC,

      Defendant.

CIVIL ACTION

NO. 1:09-CV-00671-CAP

**ORDER**

    This matter is now before the court on defendant British Telecommunications plc's ("BT's") motion to extend the Rule 26(f) planning conference, submission of the joint preliminary report and discovery plan, and filing of the initial disclosures [Doc. No. 24] and on BT's motion to strike docket entry number 33 due to the pleading being electronically filed under the wrong heading [Doc. No. 35]. As an initial matter, it appears that the clerk has already modified docket entry number 33 to reflect the accurate heading, which renders the defendant's motion to strike moot. However, since docket entry number 33 and docket entry number 34 appear to be the same document, the court will only review and consider docket entry number 34.

    In its remaining motion, BT requests that the court extend the deadline for the Rule 26(f) planning conference until 10 days after the court rules on BT's pending motion to dismiss. In addition, BT

asks the court to extend the deadlines for the submission of the joint preliminary report and discovery plan and the filing of the initial disclosures until 14 days after the Rule 26(f) planning conference, with all deadlines tied to the filing of the joint preliminary report and discovery plan similarly extended. Finally, BT asks that the eight month discovery period pursuant to Local Rule 26.2(A) commence once the parties have conducted their Rule 26(f) conference.  BT has filed a motion to dismiss for lack of subject matter and personal jurisdiction [Doc. No. 17], and it argues that the granting of this motion would obviate the need for discovery planning or any initial disclosures.  In addition, BT contends that its lead counsel, Proskauer Rose, will not be representing BT in this action if the pending motion to dismiss is denied because it has identified a potential conflict of interest. BT argues that it would be far preferable for the lead counsel who will ultimately carry the case forward to undertake the planning steps in this action.

While Arris does not oppose a brief schedule adjustment to permit BT to obtain counsel, it believes that an open-ended adjournment of this case will cause needless delay and prevent Arris from progressing to the merits of its claim.  Arris questions why BT's counsel can act in connection with BT's motion to dismiss but not in connection with any other portion of the case and points

out that BT's ability to retain new counsel is entirely within BT's control.  It states that the granting of BT's motion will prejudice Arris by further delaying Arris's ability to have the accusations against it resolved.  It argues that the Local Civil Rules contemplate that the initial discovery planning events and disclosures will occur even when a motion to dismiss is filed in lieu of an answer.  It points out that discovery will not begin until after BT files an answer, negating the vast majority of the burden that BT seeks to avoid.  Finally, Arris argues that - in the majority of scenarios - the parties' initial discovery planning will have continuing use and applications.  Based on these arguments, Arris concludes,

> Given the absence of a significant burden on the parties to conduct the initial case management and discovery process, and the prejudice to Arris in having resolution of its rights delayed, going forward with these initial case events is a fair, balanced way to keep the present case moving efficiently forward, to avoid undue delay, and is precisely what is called for the Local Civil Rules adopted by this District.

Arris's Resp. Br. at p. 6 [Doc. No. 31].

In reply, BT argues that Arris's opposition to BT's motion to extend does not make economic or equitable sense.  It argues that the Local Patent Rules "require a cascade of burdensome, intense and expensive actions by the parties and their attorneys likely before the Court rules on the motion to dismiss."  BT's Reply Br.

-3-

at p. 1 [Doc. No. 34].  It argues that by granting the extension, the court would be fulfilling the purpose of the Local Rules to "promote the just, efficient, and economical determination of every action and proceeding." Id. at p. 2 (citing Local Rule 1.1(B)). It argues that Arris has not demonstrated that the requested extension will cause it any harm because all of its arguments are connected to the date of the ultimate disposition of this case, which BT contends will not likely be affected by the extension requested.  It points out that Arris contends that BT put it in fear of infringement as far back as March of 2007, yet delayed bringing this action until March of 2009.  Thus, BT argues that Arris cannot now contend that it will be prejudiced by the modest extension of time that BT presently seeks.  In contrast, BT argues that it will be required to present infringement contentions and other counterclaims against Arris, a party that it is seeking to disassociate from in this litigation.  Further, it argues that it will be required to hire, pay for, and prepare duplicate lead counsel, something that may be altogether avoided.  It argues that the planning conference will be much larger and more complicated than most because of the nature of the matter and the size and complexity of the companies involved.  BT contends that "the fair, equitable and practical approach is to delay the rules-driven complexities that do not, in the circumstances of this particular

-4-

case, benefit the parties or the Court, pending a determination by
the Court of its own jurisdiction over the case." BT's Reply Br.
at pp. 3-4 [Doc. No. 34].

Despite BT's pending motion, the parties apparently conducted
their Rule 26(f) planning conference and filed their joint
preliminary report and discovery plan on June 1, 2009 [Doc. No.
37].  In the joint preliminary report, BT represents that it has
served its initial disclosures, rending that portion of its motion
for an extension of time moot.  However, BT asks the court to defer
the entry of a scheduling order for the reasons set forth in its
motion for an extension [Doc. No. 24].  It again argues that it
would be advantageous for all to have the BT attorney who will
ultimately try the case participate in all phases of Rule 26
planning and substantive legal development while avoiding duplicate
counsel.

After carefully reviewing the parties' briefs and the joint
preliminary report, the court concludes that "the just, speedy, and
inexpensive determination" of this action will best be facilitated
by delaying the entry of the scheduling order and the deadlines
that flow from the filing of the joint preliminary report until
after the court rules on the pending motion to dismiss.  See Fed.
R. Civ. P. 1.  If this case goes forward after the court rules on
the motion to dismiss, the parties are DIRECTED to confer for a

second time regarding the Rule 26(f) issues within 10 calendar days of the date of the ruling.  Within 17 calendar days of the ruling, the parties are directed to submit a revised joint preliminary planning report.  The court does not intend to deviate from the Local Civil Rules or the Local Patent Rules; accordingly, the parties are DIRECTED to revise their joint preliminary report and proposed scheduling order to reflect those rules and the deadlines contained therein.

### Summary

For the reasons set forth above, the court DISMISSES AS MOOT BT's motion to strike docket entry number 33 [Doc. No. 35]. Similarly, the court DISMISSES AS MOOT the portions of BT's motion to extend pertaining to the parties' initial disclosures, which the parties have already exchanged [Doc. No. 24].  On the other hand, the court GRANTS BT's motion to extend, as modified in the joint preliminary planning report, to the extent that it asks the court to delay the entry of the scheduling order in this matter [Doc. No. 24].  If this case goes forward after the court rules on the motion to dismiss, the parties are DIRECTED to confer for a second time regarding the Rule 26(f) issues within 10 calendar days of the date of the ruling.  Within 17 calendar days of the ruling, the parties are directed to submit a revised joint preliminary planning report. The court does not intend to deviate from the Local Civil Rules or

the Local Patent Rules; accordingly, the parties are DIRECTED to revise their joint preliminary report and proposed scheduling order to reflect those rules.

So ordered, this $\underline{30^{th}}$ day of June, 2009.


/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge